UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. Nikolay I. Lysenko,** )<br>)<br>  **Plaintiff** )<br>)<br>v.  )<br>)<br>**United States of America** )<br>**United States Attorney General** )<br>)<br>  **Defendant** )<br>_____ ) | **Civil Action No. 1:07-cv-02247-RBW**<br> **ECF** |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 8 and 12(e), Defendant, by and through undersigned counsel, respectfully moves for an order dismissing Plaintiff's Complaint for failure to set forth a short and plain statement of the claims or grounds for the Court's jurisdiction. Alternatively, Defendant respectfully moves this Court to require Plaintiff to provide a more definite statement. Plaintiff's Complaint is so vague and ambiguous as to deny Defendant the opportunity to frame a responsive pleading.

By filing this motion, Defendant does not waive any defenses that may be available including, but not limited to, the defenses available under Rule 12(b) and failure to exhaust administrative remedies. Due to the Complaint's lack of clarity, Defendant is not in a position to assert the defenses that may be available.

In support of this motion, Defendant relies upon the accompanying memorandum of points and authorities. A proposed Order is attached.

Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney

    /s/
Raymond A. Martinez, TX. Bar No. 13144015
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. Nikolay I. Lysenko,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-02247-RBW |
| | ) |
| **United States of America** | ) ECF |
| **United States Attorney General** | ) |
| | ) |
| **Defendant** | ) |
| | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(e) Defendant, by and through undersigned counsel, respectfully moves this Court for an order dismissing Plaintiff *pro se*'s Complaint for failure to adequately provide notice of his claims. Alternatively, Defendant respectfully moves this Court to require Plaintiff to provide a more definite statement.

### I. INTRODUCTION

Plaintiff *pro se*, alleges to be a refugee from the former USSR who arrived in the USA in September 1992. He alleges that he became a citizen of the United States in September 1997. Plaintiff filed this action against the United States Attorney General alleging that information was placed in his file "originated by agency of the federal government... and has been copied around the United States." See Complaint paragraph 4   Plaintiff alleges that as a result of such action he has been deprived of life, liberty and property.

However, Plaintiff's filing is vague and unclear. Defendant is hampered in formulating any response to the complaint in light of its rambling and unfocused nature. Accordingly, Defendant moves that Plaintiff's filing be dismissed for failure to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Alternatively, the Defendant moves that Plaintiff be required to file a more definite statement consistent with rules 10(b) and 12(e)

## II. ARGUMENT

### A. The Court Should Dismiss Plaintiff's Complaint Because it Fails to State a Cause of Action or Sufficient Facts to Support a Claim

Under the Federal Rules of Civil Procedure, the principal function of the Complaint is to give the Defendant "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Brown v. Califfano, 75 F.R.D. 497, 498 (D.D.C. 1977)(citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). To that end, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint filed in the federal court contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." Brown, 75 F.R.D. at 498 (dismissing *pro se* Plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).

Rather than comply with the requirements of Rule 8(a), Plaintiff vaguely alleges something about learning that the office of the Attorney General of Washington, that his personal file had been opened and that it deprived him of life liberty and property. It is unclear as to who is the keeper of the files, as well as who opened the file and how his life, liberty and property have been deprived. The reader is for the most part forced to draw its own conclusions

2

regarding what claims Plaintiff may be asserting and the bases upon which his claim rest on. For example, Plaintiff states in his complaint that "information that has been placed in my personal file UC93-0119(393) was originated by agency of the federal government of the United States of America and has been copied around the United States" ( See paragraph 4 pg. 2 of 4 of Plaintiff's complaint.) In so making this assertion, plaintiff does not state what kind of information was placed in his file, who placed this information in the file and when did this happen. There is no explanation or fleshing out of the facts and circumstances.

Moreover, aspects of the complaint are in the nature of a stream of conscious, vague spewing out of incoherent information. This is not a "short and plain statement of the claim" required by Rule 8(a). Plaintiff's pleading fails to provide Defendant with clear and adequate notice of the facts or law allegedly at issue. See Sparrow v. United Air Lines, Inc., 216 F.3d 1111 (D.C. Cir. 2000)(under Rule 8, Plaintiff is required to give the Defendant fair notice of each claim and its basis.)(citations omitted). Neither Defendant, nor the Court, should be forced to decipher what claims are asserted, nor should Defendant risk waiving defenses if it cannot properly guess what claims Plaintiff intends to pursue.

**B. Alternatively, the Court Should Order Plaintiff to Provide Defendant With a More Definite Statement of Her Complaint**

Rule 10(b) of the Federal Rules of Civil Procedure requires that all

> averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . . Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Rule 12(e) of the Federal Rules of Civil Procedure provides that when

> a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

In the event that the Court does not dismiss this action outright for failing to comply with Rule 8(a), Defendant respectfully requests that, pursuant to Fed. R. Civ. P. 12(e), the Court require Plaintiff to file a more definite statement of his claims, organized in a manner to satisfy the requirements of Rule 10. Otherwise, as set forth above, Defendant cannot properly answer or otherwise respond to the Complaint.

Accordingly, Defendant respectfully requests that Plaintiff be required to file a short and plain statement of her Complaint, which provides the following details:

(1) What specific wrongful act(s) does Plaintiff allege were committed?

(2) On what facts does plaintiff rely on in making these allegations?

(3) Who committed each of the alleged violations?

(4) Where did each of the alleged violations occur?

(5) When were the alleged violations committed ?

(6) How were each of the alleged violations committed?

(7) What are the specific laws and/or regulations that allegedly have been violated?

(8) What specific damages occurred as a result of such alleged violations?

Additionally, Defendant requests that the Court order that Plaintiff answer these questions by a date certain, and warn Plaintiff that pursuant to Fed. R. Civ. P. 12(e), the Court may dismiss his Complaint for failing to respond by that date. Finally, should Plaintiff respond, Defendant requests forty-five days following service of Plaintiff's response to file an answer or

other appropriate response to Plaintiff's allegations.

### III.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint because it fails to meet the minimum standard of notice pleadings.  See Sparrow v. United Air Lines, Inc., 216 F.3d at 1118.  In the alternative, Defendant respectfully moves this Court for an order requiring Plaintiff to file an amended complaint that provides a more definite statement of his claims.

Respectfully submitted,

_/s/_
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney


_/s/_
RUDOLPH CONTRERAS, D.C. BAR No. 434122
Assistant United States Attorney


_/s/_
Raymond A. Martinez
Special Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W., Civil Division
Washington, DC  20530

## CERTIFICATE OF SERVICE

      I hereby certify that on this 30th day of January, 2008, I caused the foregoing to be served

first class mail, postage prepaid, addressed as follows:

Dr. Nikolay I. Lysenko
P.O. Box 402
Lynnwood, Wa 98046-0402
425-712-9220


                                          ___/s/_____
                                          Raymond A. Martinez
                                          Special Assistant United States Attorney
                                          Judiciary Center Building
                                          555 Fourth Street, N.W., Civil Division
                                          Washington, DC  20530

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Dr. Nikolay I. Lysenko,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-02247-RBW |
| | ) |
| **United States of America** | ) |
| **United States Attorney General** | ) |
| | ) |
| **Defendant** | ) |
| _____ | ) |

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement. Upon consideration of this Motion, the grounds stated therefor and the entire record of this case, it is this _____ day of _____, 2008, hereby

**ORDERED** that Defendant's Motion be and hereby is GRANTED; and it is

**FURTHER ORDERED** that the Complaint is dismissed; and it is

**FURTHER ORDERED** that any complaint re-filed by Plaintiff shall respond to the following questions:

(1) What specific violations or acts does Plaintiff allege occurred?

(2) On what facts does plaintiff rely on for these allegations?

(3) Who committed the alleged violations?

(4) Where did each of the alleged violations occur?

(5) When did each of those allegedly wrongful acts occur?

(6) How were each of the alleged violations committed?

(7) What are the specific laws and/or regulations that allegedly have been violated?

(8) What specific harm occurred as a result?

Plaintiff shall respond to these questions within ____ days of the date of this Order.

Plaintiff is hereby instructed that failure to comply with this Order may result in dismissal of the Complaint.

                                                                           UNITED STATES DISTRICT JUDGE

Copies to:

    Raymond A. Martinez
    Special Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W., Civil Division
    Washington, DC  20530

    Dr. Nikolay I. Lynsenko
    P.O. Box 402
    Lynnwood, WA 98046-0402
    425-712-9220